IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**KAYMUN WILLIAMS, Individually and on
behalf of All Others Similarly Situated**                                    **PLAINTIFF**

vs.                              No. 5:16-cv-144

**PUMPCO ENERGY SERVICES, INC., RONNY ORTOWSKI
and MARK A. SONGER, Individually and as Officers
of PUMPCO ENERGY SERVICES, INC.**                                    **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Kaymun Williams, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendants Pumpco Energy Services, Inc., Ronny Ortowski, and Mark A. Songer (hereinafter referred to collectively as "Defendant"), and in support thereof he does hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiff Kaymun Williams on behalf of himself and on behalf of other hourly Equipment Operators employed by Defendant at any time within a three-year period preceding filing of this Complaint.

2.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and other oilfield

employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect against the named Plaintiff within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Plaintiff Kaymun Williams is a resident and citizen of Collin County, Texas. He was employed by Defendant as an Equipment Operator within the three (3) years preceding the filing of this Original Complaint.

8. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

9. Defendant Pumpco Energy Services, Inc., is a Delaware corporation, licensed to do business in the State of Texas with its principal place of business located at 117 Elm Grove Road, Valley View, Texas 76272.

10. Defendant's registered agent for service of process in Texas is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

11. Defendant Ronny Ortowski is the founder and president of Pumpco Energy Services Inc.[1]

12. Defendant Ronny Ortowski is an officer of Pumpco Energy Services Inc.

13. At all times relevant hereto, Defendant Ronny Ortowski had operational control over Pumpco Energy Services, Inc.

14. At all times relevant hereto, Defendant Ronny Ortowski had the power to hire and fire employees of Pumpco Energy Services, Inc., supervised and set wages and wage policies for Pumpco Energy Services, Inc.'s employees.

15. Defendant Mark A. Songer is Vice President & General Manager—NE Shale of Pumpco Energy Services, Inc.[2]

16. Defendant Mark A. Songer is an officer of Pumpco Energy Services Inc.

17. At all times relevant hereto, Defendant Mark A. Songer had operational control over Pumpco Energy Services, Inc.

18. At all times relevant hereto, Defendant Mark A. Songer had the power to hire and fire employees of Pumpco Energy Services, Inc, supervised and set wages and wage policies for Pumpco Energy Services, Inc.'s employees.

---

[1] http://www.pumpcoservices.com/management_profiles.html (last visited Feb. 10, 2016).
[2] http://www.pumpcoservices.com/management_profiles.html (last visited Feb. 10, 2016).

19. Defendants are "employers" within the meaning set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employers, as well as the employers of the members of the class.

20. Defendant Pumpco Energy Services, Inc., has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

21. Defendant Pumpco Energy Services, Inc.'s annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## IV.   REPRESENTATIVE ACTION ALLEGATIONS

22. Plaintiff Kaymun Williams brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly oilfield workers who were or are employed by Defendant and who are entitled to payment for overtime wages which Defendant failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

23. Plaintiff is unable to state the exact number of the class but believes that the class membership exceeds 100 persons.  Defendant can readily identify the members of the classes, who are a certain portion of the current and former employees of Defendant.

24. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided

to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

25. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

26. Oilfield workers are by category not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

27. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A. Defendant's uniform failure to compensate employees pursuant to the requirements of the FLSA; and

B. Defendant's failure to pay members of the class proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

28. Plaintiff alleges that Defendant improperly calculated regular rate of pay and overtime for Plaintiff and other Operators employed by Defendant.

## V. FACTUAL ALLEGATIONS

29. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

30. From November of 2013 until April of 2014, Plaintiff worked for Defendant as an hourly-paid Equipment Operator.

31. Plaintiff worked in excess of forty (40) hours per week throughout his tenure with Defendant.

32. Plaintiff was classified as an hourly employee.

33. Plaintiff was also paid non-discretionary bonuses.

34. In addition, Defendant paid Plaintiff and other similarly-situated employees one-and-one-half of their base hourly rate for each hour they worked over forty in a workweek.

35. However, Defendant did not include the regular and repeating bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

36. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

37. Defendant violated the FLSA by not including bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

38. Plaintiff worked for Defendant at various locations around Texas and Defendant's pay practices were the same at all locations Plaintiff worked in Texas.

39. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other Equipment Operators violated the FLSA.

40. Defendant's workers routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job

duties. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## VI.  LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

41. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

42. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207 (LEXIS 2013).

43. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

44. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

45. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

## VII.  CLASS ACTION ALLEGATIONS

46. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

47. Plaintiff Kaymun Williams brings this collective action on behalf of all hourly-paid Equipment Operators employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative Class for all the

overtime compensation for all the hours he and they worked in excess of forty (40) each week.

48. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

49. In the past three years, Defendant have employed hundreds of hourly Equipment Operators.

50. Like Plaintiff, these employees regularly worked more than 40 hours in each week.

51. Defendant failed to pay these workers at the proper overtime rate. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as:

> **All persons who were hourly-paid Equipment Operators for Defendant within the past three years.**

This group includes, but is not necessarily limited to, hourly paid Equipment Operators employed in States where Defendant does business.

## VIII.  EQUITABLE TOLLING

52. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

53. The applicable statute of limitations for Plaintiff's FLSA cause of action should be tolled because strict application of the statute of limitations would be inequitable.

54. Defendant, as an employer with a duty to comply with the FLSA and the means to do so, was and had at all relevant times been in a far superior position than Plaintiff to understand the FLSA and apply it appropriately, and Defendant should not be permitted to benefit from this imbalance of power by the passage of time.

55. Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

56. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. <u>United States v. Sabhnani</u>, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); <u>Henchy v. City of Absecon</u>, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); <u>Kamens v. Summit Stainless, Inc.</u>, 586 F. Supp. 324, 328 (E.D. Penn. 1984).

57. Defendant failed to post all appropriate notices regarding the FLSA.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kaymun Williams respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(a)   That each Defendant be summoned to appear and answer herein;

(b)   That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c)   A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF KAYMUN WILLIAMS, Individually and on behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:  */s/ Josh Sanford*
Josh Sanford
Texas. Bar No. 24077858
josh@sanfordlawfirm.com